UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X CV O8 1246 (JG) (SMG)
AUBREY AMMONDS
(an infant under the age of 16 years,
by his father and natural guardian,
ERNIE GENERAL),

                        Plaintiff,

                                                                      FIRST AMENDED
                                                                       COMPLAINT

    -against-

                                                                       JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
CORY SMITH (Shield # 782) and POLICE OFFICER
RENZO SILVA (Shield # 21635),

                        Defendants.
-----------------------------------------------------------------------X

AUBREY AMMONDS (an infant (Date of Birth – 08/09/1993) under the age of 16 years, by his father and natural guardian, ERNIE GENERAL), by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, POLICE OFFICER CORY SMITH (Shield # 782)[1] and POLICE OFFICER RENZO SILVA (Shield # 21635)[2] (collectively referred to as the "defendants"), upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.        This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

---

[1] Upon information and well-founded belief, said defendant was employed at all relevant times, by defendant New York City's police department.

[2] Upon information and well-founded belief, said defendant was employed at all relevant times, by defendant New York City's police department.

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear State law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5. During all times material to this complaint, the plaintiff was, and still is, a resident of the City of New York, presently residing in the Kings County, City and State of New York.

6. Plaintiff Aubrey Ammonds is an infant male, and the child and natural issue of Ernie General.

7. At all relevant times, defendants POLICE OFFICER CORY SMITH (Shield # 782) (hereinafter "Smith"), and POLICE OFFICER RENZO SILVA (Shield # 21635) (hereinafter "Silva") (collectively referred to as "defendant officers"), were upon information and belief, and still are, law enforcement officers in the employ of the Police Department of the City of New York, and, upon information

2

and belief, at all relevant times referenced herein, were assigned to the 75th Police Precinct of said Police Department.

8. At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

9. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant officers, through it's Police Department, namely New York City Police Department and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. Plaintiff sues all defendants in their individual and official capacities.

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

11. All conditions precedent to filing of this action have been complied with; on January 23, 2008, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the ERNIE GENERAL, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiffs claim was assigned Claim No. 2008PI002622.

12. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected or refused.

13. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about December 21, 2007, at approximately 06:00 p.m., in the vicinity and/or within the premises known as 771 Liberty Avenue, Brooklyn, New York (hereinafter "subject premises"), the plaintiff was arrested without probable cause, by the defendant officers.

15. Immediately before the above-referenced arrest, the plaintiff was lawfully within the subject premises, in order to visit one of his friends, named "Shaquan" (phonetic) who resides in an apartment located within the subject premises.

16. The plaintiff and Shaquan were members of the same basketball team, and the plaintiff had intended that both he and Shaquan could go to basketball practice together.

17. However, upon arriving at the apartment of his friend, the plaintiff was informed by Shaquan's mother that Shaquan was not at home, having just left the apartment to go to basketball practice.

18. As such, the plaintiff was leaving Shaquan's apartment, on his way to basketball practice, when he was accosted by the defendant officers, while he was in the hallway of the subject premises, on his way out of the subject premises.

19. The plaintiff was then accused by the defendant officers, without any reasonable basis, of having participated in a robbery.

20. The plaintiff immediately denied said accusations but was ordered by the defendant officer(s) to "shut the (expletive) up".

21. The plaintiff was then caused to be placed within a squad car and transported to the 75th Police Precinct.

22. The plaintiff's father, Ernie General was thereafter contacted by the defendant officers, and Mr. General immediately went to the 75th Precinct.

23. Upon arriving at the 75th Precinct, Mr. General inquired of the defendant officer(s) about why the plaintiff had been arrested.

24. Mr. General was given at least two (2) diametrically opposed explanations by the defendant officer(s), about the basis for the arrest of the plaintiff.

25. Nevertheless, the defendant officer(s) assured Mr. General that the plaintiff would be released to his custody that evening, and told to go home, and return within a couple of hours.

26. However, upon returning to the 75th Precinct, Mr. General was informed by the defendant officer(s) that the plaintiff had been taken to a juvenile detention center located in the Bronx County known as "Sparfield" or "Sparford".

27. The plaintiff was forced to remain at said juvenile detention center until December 24, 2007.

28. On December 24, 2007, the plaintiff was transported from said juvenile detention center to the Kings County Family Court located in Brooklyn, New York.

29. At or about approximately 05:00 p.m. on December 24, 2007, the plaintiff, having been instructed to return to said Family Court on January 4, 2008, was released into the custody of his parents, including Mr. General.

30. The plaintiff dutifully returned to said Family Court on January 4, 2008, and having spent the majority of the day there, was then informed that the New York City Corporation Counsel's office was in the process of deciding whether formal charges would be filed against him. The plaintiff was thus instructed to go home, and that in the event it was decided that formal charges would not be filed against him, a "Notice of Declination" would be mailed to him.

31. That on or about February 25, 2008, the New York City Corporation Counsel's office issued a "Notice of Declination", stating, *inter alia*, that the matter would be closed and sealed within thirty (30) days from that date.

FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT

32. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. The above-described arrest, detention and imprisonment of the plaintiff was/were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

34. As a result of plaintiff's above-described unlawful arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, has been otherwise damaged, and hereby demands compensatory and punitive damages in an amount to be proven at trial, against each of the defendants, individually and severally.

35. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

36. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS: DEPRIVATION OF CIVIL RIGHTS

37. Plaintiffs repeat and reallege paragraphs 1 through 36 as if each paragraph is repeated verbatim herein.

38. The defendant police officers acted under color of law, in their official capacity and their acts were performed under color of the statutes and ordinances, customs and practices of the defendant City

6

of New York. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant police officers in their duties to refrain from unlawfully and maliciously arresting, imprisoning, assaulting, battering, using excessive force and inflicting summary punishment on innocent members of the public. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

40. Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, train, and supervise defendant police officers on a continuing basis in the correct procedure for making an arrest. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

41. Defendant City of New York had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, negligently or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

42. Defendant City of New York, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant officers heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

43. The conduct of the defendants deprived the plaintiff(s) of the following rights, privileges and immunities secured to them by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff to be promptly informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States.

(c ) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(d) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained for approximately three (3) days.

44. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

45. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances

and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights and the City of New York is therefore responsible for their acts and liable to the plaintiff for the damages he suffered. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

46. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to and it did regulate and control the activities and conduct of the defendant officers. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

47. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each defendant in an amount to be proven at trial;
2. For exemplary and punitive damages against each defendant in an amount to be proven at trial;
3. For costs of suit herein, including the plaintiffs reasonable attorney's fees; and
4. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury.

Dated: Brooklyn, New York
July 11, 2008

LAW OFFICES OF WALE MOSAKU, P.C.

By: /s/

        Wale Mosaku, Esq. (AM 5872)
        Attorney for the Plaintiff
        25 Bond Street, 3rd Floor
        Brooklyn, N.Y. 11201
        (718) 243-0994

TO:

Jessica T. Cohen, Esq. (VIA ECF)
Assistant Corporation Counsel
City of New York Law Department
Attorneys for Defendant
CITY OF NEW YORK
100 Church Street
New York, N.Y. 10007
(212) 788-1895

Police Officer Cory Smith (Shield # 782)
Defendant Pro Se
New York City Police Department
75th Precinct
1000 Sutter Avenue
Brooklyn, New York 11207

Police Officer Renzo Silva (Shield # 21635)
Defendant Pro Se
New York City Police Department
75th Precinct
1000 Sutter Avenue
Brooklyn, New York 11207